NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO COTZOMI QUECHOLAC,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    16-70716<br><br>Agency No. A095-790-462<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Alfredo Cotzomi Quecholac, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of a motion to reopen.

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Cotzomi Quecholac's motion to reopen as untimely, where it was filed more than 21 months after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Cotzomi Quecholac has not established changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We lack jurisdiction to review the agency's determination not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**